KAREN P. HEWITT
United States Attorney
DOUGLAS KEEHN
Assistant U.S. Attorney
California State Bar No. 233686
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6549
Fax: (619) 235-2757
douglas.keehn@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR1902-WQH |
| Plaintiff, | **RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| v. | **(1) PRESERVE EVIDENCE AND COMPEL DISCOVERY; AND** |
| JOSE ANTONIO MEJIA-HERNANDEZ, | **(2) GRANT LEAVE FOR FURTHER MOTIONS** |
| Defendant. | |
| | Date:    October 14, 2008 |
| | Time:    2:00 p.m. |
| | Court:   The Hon. Marilyn L. Huff |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Douglas Keehn, and hereby files its Response and Opposition to Defendant's Motions to Preserve Evidence and Compel Discovery, and For Leave to File Further Motions. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

/ /

/ /

/ /

/ /

# I

## STATEMENT OF FACTS

### A. Statement of the Case

On May 22, 2008, Defendant accepted the Government's Fast-Track pre-indictment offer in the matter underlying this Indictment, and that matter was calendared for disposition on July 3, 2008. On that date Defendant requested and received a continuance to July 16, 2008. On July 10, 2008, Defendant withdrew from the Fast Track resolution. On July 23, 2008, an Indictment was returned in the Southern District of California charging Defendant Jose Antonio Mejia-Hernandez ("Defendant") with unlawful attempted entry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). On July 28, 2008, the Court arraigned Defendant on the Indictment and Defendant entered a "not guilty" plea. The Court scheduled a motion hearing date for September 2, 2008. On August 8, 2008, Defendant submitted an N-600 Application for Certificate of Citizenship with the U.S. Citizenship and Immigration Service of the Department of Homeland Security, with a claim of derivative United States citizenship. The United States has requested that Citizenship and Immigration Service expedite treatment of Defendant's application. On September 2, 2008, the Court granted a continuance in the Motions Hearing and Trial Setting to October 14, 2008.

### B. Statement of Facts

#### 1. Defendant's Arrest

On May 1, 2008, United States Border Patrol Agent Gregory Elliot was performing line watch duties on the international border between the United States and the Republic of Mexico approximately eight miles west of the Calexico, California, Port of Entry. At approximately 8:40 p.m. a remote surveillance operator observed a group of five suspects cross northward over the international boundary into Agent Elliot's patrol area. After crossing the border the group crossed the All-American Canal, which traverses roughly parallel to the border, by raft and continued traveling north towards Anza Road. The remote observer directed Agent Elliot to the last location at which the group had been seen. At approximately 9:00 p.m. Agent Elliot encountered five suspects including Defendant. Agent Elliot identified himself as a Border Patrol

1   Agent and conduced an immigration inspection.  Defendant stated he was a citizen of the Republic

2   of Mexico without documentation of lawful permission to enter and remain in the United States.

3   Agent Elliot placed Defendant under arrest at this time and transported him to the El Centro Border

4   Patrol Station for further processing.  A search of Defendant's biographical and biometric data

5   indicated that Defendant has an extensive criminal history with deportations.

6                    **2. Defendant's Statements**

7         In addition to Defendant's statements during the field investigation upon confirmation of

8   Defendant's criminal history and immigration status, Border Patrol Agent C. Nonas-Truing advised

9   Defendant of his rights pursuant to <u>Miranda</u>.  Defendant indicated he understood his rights and

10  invoked his right to an attorney, whereupon all questioning ceased.

11              **C. <u>Defendant's Criminal and Immigration History</u>**

12        On or about October 25, 2004, Defendant was convicted in Arizona of a felony violation

13  of 8 U.S.C. § 1326, Illegal Re-entry of a Deported Alien, for which he was sentenced to 42 months

14  in prison and three years of supervised release.  On or about July 24, 2001, Defendant was

15  convicted in Arizona of a felony violation of 21 U.S.C. § 841, Possession of Marijuana with Intent

16  to Distribute, for which he was sentenced to 66 months in prison and five years of supervised

17  release.  (On or about September 24, 2007, Defendant sustained a violation of this grant of

18  supervised release and was sentenced to an additional eight months in prison.)  On or about

19  November 9, 1998, Defendant was convicted in the Southern District of California of a felony

20  violation of 21 U.S.C. § 841, Possession of Marijuana with Intent to Distribute, for which he was

21  sentenced to 60 months in prison and five years of supervised release.  On or about October 10,

22  1996, Defendant was convicted in the Southern District of California of a felony violation of 21

23  U.S.C. § 844, Possession of Marijuana, for which he was sentenced to three years of supervised

24  release.  On or about March 24, 1989, Defendant was convicted in Ventura County, California, of

25  a violation of California Penal Code § 496.1, Receipt of Stolen Property, for which he was fined.

26        An Immigration Judge ordered the Defendant deported and removed from the United States

27  through the Calexico Port of Entry on November 20, 1996.  On June 14, 2003, Defendant was

28

1    removed from the United States afoot through the San Ysidro Port of Entry.  On December 6,

2    2007, Defendant was removed from the United States afoot through the San Ysidro Port of Entry.

## II

## MOTIONS TO PRESERVE EVIDENCE AND COMPEL DISCOVERY

5    The Government has provided Defendant with 72 pages of discovery, the complaint and

6    statement of facts, reports from the apprehending agents, Defendant's prior conviction documents

7    and a DVD.

8    With respect to Defendant's discovery motions, the Constitution requires the Government

9    to preserve evidence "that might be expected to play a significant role in the suspect's defense."

10    California v. Trombetta, 467 U.S. 479, 488 (1984).  To require preservation by the Government,

11    such evidence must (1) "possess an exculpatory value that was apparent before the evidence was

12    destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable

13    evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d

14    1104, 1113-14 (9th Cir. 2001).  The Government will make every effort to preserve evidence it

15    deems to be relevant and material to this case.  Any failure to gather and preserve evidence,

16    however, would not violate due process absent bad faith by the Government that results in actual

17    prejudice to the Defendant.  See Illinois v. Fisher, 540 U.S. 544 (2004) (per curiam); Arizona v.

18    Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir.

19    2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

20    **(1) Defendant's Statements**

21    The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

22    provide to Defendant the substance of Defendant's oral statements and Defendant's written

23    statements. The Government has produced all of the Defendant's statements that are known to the

24    undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or

25    written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such

26    statements will be provided to Defendant.

27    //

28    //

The Government has no objection to the preservation of the handwritten notes taken by any of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve original notes of interviews of an accused or prospective government witnesses).

However, the Government objects to providing Defendant with a copy of the rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

**(2) Arrest reports, notes, dispatch tapes, audio/video recordings**

The Government has provided Defendant with all known reports related to Defendant's arrest in this case that are available at this time. The Government will continue to comply with its obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the Government has no objection to the preservation of the agents' handwritten notes, but objects to

1    providing Defendant with a copy of the rough notes at this time because the notes are not subject

2    to disclosure under Rule 16, the Jencks Act, or <u>Brady</u>. The Government is presently unaware nor

3    in possession of dispatch tapes relating to the Defendant's arrest in this case.  In addition, the

4    Government has already discovered a copy of the Report of Investigation for Defendant's case.

5         **(3) <u>Brady</u> Material**

6         The Government has and will continue to perform its duty under <u>Brady</u> to disclose material

7    exculpatory information or evidence favorable to Defendant when such evidence is material to

8    guilt or punishment. The Government recognizes that its obligation under <u>Brady</u> covers not only

9    exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on

10   behalf of the Government. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>United States</u>

11   <u>v. Bagley</u>, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not

12   requested by the defense. <u>Bagley</u>, 473 U.S. at 682; <u>United States v. Agurs</u>, 427 U.S. 97, 107-10

13   (1976). "Evidence is material, and must be disclosed (pursuant to <u>Brady</u>), 'if there is a reasonable

14   probability that, had the evidence been disclosed to the defense, the result of the proceeding would

15   have been different.'" <u>Carriger v. Stewart</u>, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final

16   determination of materiality is based on the "suppressed evidence considered collectively, not item

17   by item." <u>Kyles v. Whitley</u>, 514 U.S. 419, 436-37 (1995).

18        <u>Brady</u> does not, however, mandate that the Government open all of its files for discovery.

19   <u>See</u> <u>United States v. Henke</u>, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under <u>Brady</u>, the

20   Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence

21   (<u>see</u> <u>United States v. Smith</u>, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the

22   defendant from other sources (<u>see</u> <u>United States v. Bracy</u>, 67 F.3d 1421, 1428-29 (9th Cir. 1995));

23   (3) evidence that the defendant already possesses (<u>see</u> <u>United States v. Mikaelian</u>, 168 F.3d 380,

24   389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the

25   undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or

26   control over. (<u>See</u> <u>United States v. Hanson</u>, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does

27   <u>Brady</u> require the Government "to create exculpatory evidence that does not exist," <u>United States</u>

28   <u>v. Sukumolahan</u>, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply

                                        6        Criminal Case No. 08CR2421-H

a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

**(4)  Information That May Result in a Lower Sentence Under the Guidelines**

The Government has provided and will continue to provide the defendants with all Brady material that may result in mitigation of Defendant's sentence.  Nevertheless, the Government is not required to provide information bearing on Defendant's sentence until after Defendant's conviction or guilty plea and prior to his sentencing date.  See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the defendants at a time when the disclosure remains in value").

**(5) Defendant's Prior Record**

The Government has already provided Defendant with a copy of any criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

**(6) Proposed 404(b) and 609 Evidence**

Should the Government seek to introduce any "similar act" evidence pursuant to Federal Rules of Evidence 404(b) or 609(b), the Government will provide Defendant with notice of its proposed use of such evidence and information about such bad act at or before the time the Governments' trial memorandum is filed. The Government reserves the right to introduce as prior act evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.

**(7) Evidence Seized**

The Government has complied and will continue to comply with Rule 16(a)(1)(c) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or are intended for use by the Government as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The Government, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

1

**(8) Request for Preservation of Evidence**

2    After issuance of a an order from the Court, the Government will preserve all evidence

3  to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United

4  States objects to Defendant's blanket request to preserve all physical evidence. The United States

5  has complied and will continue to comply with Rule 16(a)(1)(c) in allowing Defendant an

6  opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is

7  within his possession, custody or control of the United States, and which is material to the

8  preparation of Defendant's defense or are intended for use by the United States as evidence in

9  chief at trial, or were obtained from or belong to Defendant, including photographs. The United

10  States has made the evidence available to Defendant and Defendant's investigators and will

11  comply with any request for inspection.

12

**(9) <u>Henthorn</u> Material**

13    The Government will comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991)

14  and request that all federal agencies involved in the criminal investigation and prosecution review

15  the personnel files of the federal law enforcement inspectors, officers, and special agents whom

16  the Government intends to call at trial and disclose information favorable to the defense that meets

17  the appropriate standard of materiality. <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir.

18  2002)(citing <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned

19  Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel

20  files is "material," the information will be submitted to the Court for an in camera inspection and

21  review.

22

**(10) Tangible Objects**

23    The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

24  allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy any

25  tangible objects seized that are within its possession, custody, or control, and that are either

26  material to the preparation of Defendant's defense, or are intended for use by the Government as

27  evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The

28

Government need not, however, produce rebuttal evidence in advance of trial. <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984).

**(11) Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include expert witnesses' qualifications, opinions, and the bases and reasons for those opinions.

**(12) Impeachment Evidence**

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(13) Evidence of Criminal Investigation of Any Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976); <u>United States v. Riley</u>, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. <u>United States v. Rinn</u>, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(c) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing <u>Taylor</u>, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

//

//

**(14) Evidence of Bias or Motive To Lie**

The Government is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(15) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth-Telling**

The Government is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling. The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection or ability to communicate. The Government objects to providing any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic because such information is not discoverable under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional or statutory disclosure provision.

**(16) Witness Addresses**

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. <u>See</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977); <u>United States v. Dishner</u>, 974 F.2d 1502, 1522 (9th Cir 1992) (citing <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. <u>See</u> <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).

The Government objects to any request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." <u>United States v. Hsin-</u>

1  Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502

2  (D. Del. 1980)). The Government is not required to produce all possible information and evidence

3  regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8

4  (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery

5  of admissible exculpatory evidence are not subject to disclosure under Brady).

6          Defendant has also requested the names and last known addresses of every possible witness

7  to the crime alleged and of any overt acts committed in furtherance of the crime alleged.  Again,

8  absent a showing that the information is actually discoverable under Rule 16 or is exculpatory,

9  Defendant is not entitled to the information and his motion should be denied.

10         **(17) Names of Witnesses Favorable to the Defendant**

11         The Government will comply with its obligations under Brady and its progeny. At the

12  present time, the Government is not aware of any witnesses who have made an arguably favorable

13  statement concerning Defendant.

14         **(18) Statements Relevant to the Defense**

15         Again, the Government will comply with all of its discovery obligations. However, "the

16  prosecution does not have a constitutional duty to disclose every bit of information that might

17  affect the jury's decision; it need only disclose information favorable to the defense that meets the

18  appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).  Specifically,

19  Defendant has requested copies of the grand jury transcripts.  As with many of Defendant's

20  requests, Defendant has failed to demonstrate that the information is actually discoverable under

21  Rule 16, or that it is exculpatory.  For these reasons, the motion should be denied.

22         **(19) Jencks Act Material**

23         The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

24  on direct examination, the Government must give the Defendant any "statement" (as defined by

25  the Jencks Act) in the Government's possession that was made by the witness relating to the

26  subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

27  Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

28  by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

1    oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes

2    are read back to a witness to see whether or not the government agent correctly understood what

3    the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

4    Act.  United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United

5    States, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act

6    material after the witness testifies, the Government plans to provide most (if not all) Jencks Act

7    material well in advance of trial to avoid any needless delays.

8        **(20) Giglio Information**

9        As stated previously, the Government will comply with its obligations pursuant to Brady

10   v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir.

11   1991), and Giglio v. United States, 405 U.S. 150 (1972).

12       **(21) Informants and Cooperating Witnesses**

13       If the Government determines that there is a confidential informant who has information

14   that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of

15   a cause," the Government will either disclose the identity of the informant or submit the

16   informant's identity to the Court for an in-chambers inspection. See Roviaro v. United States, 353

17   U.S. 53, 60- 61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

18       **(22) Bias by Informants or Cooperating Witnesses**

19       An agreement that the Government makes with a witness for testimony in exchange for

20   money or in exchange for favorable treatment in the criminal justice system is generally subject

21   to disclosure as impeachment evidence under Brady and Giglio.  See United States v. Kojayan,

22   8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002).

23    As stated above, the Government will provide any Giglio information in connection with this case

24   no later than two weeks prior to trial.

25       **(23) Personnel Records of Government Officers Involved in the Arrest**

26       The Government objects to Defendant's requests that the Government reveal all citizen

27   complaints, and internal affair inquiries into the inspectors, officers, and special agents who were

28   involved in this case, regardless of whether the complaints or inquiries are baseless or material and

regardless of whether the Government intends to call inspectors, officers, and special agents to testify. As previously noted, the Government will comply with <u>Henthorn</u> and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

**(24) Reports of Scientific Tests or Examinations**

The Government is not aware of any scientific tests or examinations at this time but, if any scientific tests or examinations were conducted or are conducted in the future, the Government will provide Defendant with any reports of any such tests or examinations in accordance with Rule 16(a)(1)(F).

**(25) Residual Request**

The Government will comply with all of its discovery obligations, but objects to the broad and unspecified nature of Defendant's residual discovery request.

**III**

**MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

//

//

//

//

//

//

//

//

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motions for reciprocal discovery and to compel a fingerprint exemplar.

DATED: September 6, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Douglas Keehn*
DOUGLAS KEEHN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR2421-H |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| JOSE ANTONIO MEJIA-HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

IT IS HEREBY CERTIFIED THAT:

I, Douglas Keehn, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTION TO PRESERVE EVIDENCE AND COMPEL DISCOVERY, AND GRANT LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**SHAFFY MOEEL**
Federal Defenders of San Diego
225 Broadway Suite 900
San Diego, CA 92101-5008
(619) 234-8467
*Attorney for Defendant*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 6, 2008

/s/ **Douglas Keehn**
DOUGLAS KEEHN